IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN DOE, *proceeding under a pseudonym*, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| LAKE ERIE COLLEGE<br>C/O Brian F. Dirk, Agent<br>391 W. Washington Street<br>Painesville, OH 44077 | ) ) ) ) ) | |
| and | ) ) | CIVIL COMPLAINT WITH<br>JURY DEMAND |
| BRIAN POSLER<br>391 W. Washington St.<br>Painesville, OH 44077 | ) ) ) ) | |
| and | ) ) | |
| BILLIE DUNN<br>391 W. Washington Street<br>Painesville, OH 44077 | ) ) ) ) | |
| and | ) ) | |
| KIMBERLY ROBARE<br>391 W. Washington Street<br>Painesville, OH 44077 | ) ) ) ) | |
| and | ) ) | |
| GILES DAVIS<br>391 W. Washington Street<br>Painesville, OH 44077 | ) ) ) ) | |
| and | ) ) | |
| FARIA HUQ<br>391 W. Washington Street<br>Painesville, OH 44077 | ) ) ) ) | |

```
                                        )
        and                             )
                                        )
NICHOLE KATHOL                          )
391 W. Washington Street                )
Painesville, OH 44077                   )
                                        )
        and                             )
                                        )
JANE ROE, pseudonym,                    )
391 W. Washington Street                )
Painesville, OH 44077                   )
                                        )
                Defendants.             )
```

**************************************************************************

## PRELIMINARY STATEMENT

1. This case arises from an unlawful expulsion of a student from his Master's in Business Administration (MBA) program three classes short of his graduation.

2. Jane Roe and John Doe engaged in casual, consensual sex on November 10, 2018. On December 11, 2018, he was expelled without ever learning of the basis for the charges brought against him, without having a chance to refute said allegations, without any investigation into whether Jane Roe was telling the truth and without having any of his witnesses included in the investigation.

2

3.  As to Defendant Lake Erie College, and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities, Plaintiff alleges (1) violation of Title IX for erroneous outcome, (2) breach of contract for (A) failure to provide a consistent, fair and positive environment in the Lake Erie College conduct process, (B) failure to investigate Jane Roe's false allegations pursuant to the Lake Erie College Student Handbook, (C) failure to conduct a fair and consistent investigation and judicial board hearing, (D) failure to conduct a fair and consistent appeals process, (3) breach of the implied covenant of good faith and fair dealing, (4) breach of quasi-contract, (5) breach of implied contract, (6) promissory estoppel, (7) breach of common law duty to ensure Plaintiff's disciplinary process was conducted with basic fairness, (8) negligence, (9) negligent infliction of emotional distress, and (10) intentional infliction of emotional distress.

4.  As to Defendant Jane Roe, Plaintiff alleges (1) defamation, (2) negligent infliction of emotional distress, (3) intentional infliction of emotional distress, (4) intentional misrepresentation and fraud, (5) abuse of the legal process, and (6) tortious interference with prospective economic advantage.

5.  As for relief from the actions of Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities, Plaintiff seeks declaratory relief, a permanent injunction, compensatory and/or punitive damages, attorneys fees and court costs.

6.  As for relief from the actions of Defendant Jane Roe, Plaintiff seeks declaratory relief, a permanent injunction, compensatory and/or punitive damages, attorneys fees and court costs.

**JURISDICTIONAL STATEMENT**

7.  Jurisdiction is conferred upon this Court by 20 U.S.C. §1681 because it is a question of federal law as to whether sex discrimination occurred in a federally funded university and it is governed by federal statute.

3

## STATEMENT OF VENUE

8.  Venue is proper under 28 U.S.C. §1391 because Defendant Lake Erie College is a Corporation for Non Profit, incorporated in Painesville, Ohio, in the Northern District of Ohio. Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol and Jane Roe, all work, attend school, or reside in Painesville, Ohio, in the Northern District of Ohio. Plaintiff lives in Williamsfield, Ohio, in the Northern District of Ohio.

## PARTIES

9.  Plaintiff, John Doe, is a citizen and resident of the City of Williamsfield, State of Ohio. He is the expelled MBA student of Lake Erie College resulting from false allegations made against him of nonconsensual sex with Jane Roe.

10. Defendant Lake Erie College is a Corporation for Non Profit, incorporated in the City of Painesville, State of Ohio. Defendant Lake Erie College is a private institute of higher education that administers undergraduate and graduate programs and degrees, receives federal funds, and administers disciplinary actions pursuant to the Lake Erie College Student Handbook.

11. Defendant Brian Posler is a citizen and resident of the State of Ohio. He is the President of Lake Erie College and the signed authority on the denial of Plaintiff's final appeal to finish his classes of his MBA program.

12. Defendant Billie Dunn is a citizen and resident of the State of Ohio. She is a Vice President of Lake Erie College and the school's Title IX Director. She rejected Plaintiff's first appeal and supervised the disciplinary actions of this case.

4

13. Defendant Kimberly Robare is a citizen and resident of the State of Ohio. She is the Director of Student Life at Lake Erie College. She was responsible for the investigation of the charges against Plaintiff and advised the judicial board in their decision to expel Plaintiff.

14. Defendant Giles Davis is a citizen and resident of the State of Ohio. He is the women's and men's track and field coach at Lake Erie College. He was a member of the judicial board who decided to expel Plaintiff.

15. Defendant Faria Huq is a citizen and resident of the State of Ohio. She is a professor of economics at Lake Erie College. She was a member of the judicial board who decided to expel Plaintiff.

16. Defendant Nichole Kathol is a citizen and resident of the State of Ohio. She is a student employee of Lake Erie College. She was a member of the judicial board who decided to expel Plaintiff.

17. Defendant Jane Roe is the student of Lake Erie College who made a complaint of nonconsensual sexual contact and nonconsensual sexual intercourse to Lake Erie College. Plaintiff alleges she falsely reported this nonconsensual sexual activity. She initiated the school's actions and never stepped forward to stop the school's actions.

**GENERAL ALLEGATIONS**

18. Plaintiff and Jane Roe met outside of the dorm rooms in the middle of October 2018. Jane Roe added Plaintiff as a friend on Snapchat around October 15, 2018. She periodically sent Plaintiff pictures of herself via Snapchat. The parties exchanged jokes about drinking alcohol.

19. Jane Roe sent Plaintiff a message on or around October 31, 2018 where she asked him to have sex with her and asked if she could be his "30th girl," with the unambiguous meaning of being his 30th sexual partner. She then sent a picture of herself and edited the photo to have an image of "30" on her photo. The same day, Jane Roe told Plaintiff's friend that she wanted to have sex with Plaintiff and that "dicks are like food stamps."

5

20. From October 31, 2018 to November 10, 2018, Jane Roe and Plaintiff did not see each other but continued to send messages back and forth on Snapchat.

21. When Plaintiff invited Jane Roe to his room on November 10, 2018, Jane Roe was visibly very happy with this invitation.

22. On November 10, 2018, in his kitchen, Plaintiff asked Jane Roe if she wanted to make out with him. She replied, "sure." The parties kissed and gave each other hickies. After a little while, Plaintiff asked Jane Roe if she wanted to hook up, unambiguously meaning engage in sexual activity. Jane Roe replied, "sure." Plaintiff then asked her if she would perform oral sex, to which she replied, "sure." She then asked him if he would perform oral sex on her and he replied, "it depends." All of this was in the kitchen within earshot of Plaintiff's friend.

23. Following the above-mentioned conversation, Plaintiff went into his room and then returned to Jane Roe. When he returned to her, she pulled him into his room.

24. In the bedroom, the parties engaged in sexual intercourse which included "dirty talk" from Jane Roe to Plaintiff. Plaintiff did not want to perform oral sex and did not do so on Jane Roe despite her request for him to do so. However, Jane Roe did voluntarily perform oral sex on him, without his request for her to do so, after the condom broke during intercourse. At one point, she stopped performing oral sex and said she felt like she had to throw up. At that moment, all sexual activity ceased.

25. Both Plaintiff and Jane Roe had hickies on their bodies.

26. At no point during their sexual activity did Jane Roe ever say 'no' or 'stop' or reject any sexual advances. Rather, Jane Doe indicated that she desired for the sexual activity to continue until the end at which point both parties stopped what they were doing.

27. Jane Roe stayed in Plaintiff's room cuddling with him from the moment that sexual activity ended around 1:00 a.m. until 4:00 a.m. Around 4:00 a.m., Jane Roe asked if Plaintiff minded if she went back to her room to sleep. Plaintiff replied that it was no problem for him if she went back to her room.

28. Plaintiff did not contact Jane Roe the next morning and figured he would talk to her later.

6

29. The next day, November 11, 2018, around 5:00 p.m. he was made aware that there was a problem when two girls who worked for the school came to ask him questions. When Plaintiff asked what Jane Roe said about him, he was told very informally that she reported, "it was not rape, but I feel like he got me drunk and manipulated me into having sex." Plaintiff replied to the two girls that nothing happened.

30. On November 13, 2018, Plaintiff met with Defendant Kimberly Robare and members from Human Resources. Plaintiff had been employed as a graduate student and was terminated from his employment on November 13, 2018. At that meeting, Defendant Kimberly Robare did not inform Plaintiff of what Jane Roe had reported. Plaintiff told Defendant Kimberly Robare that nothing happened.

31. Plaintiff provided Defendant Kimberly Robare a list of witnesses who could testify to the events that occurred that night, including the friend who was on the couch in the next room.

32. Defendants did not contact any of the witnesses provided by Plaintiff.

33. Defendants did not provide Plaintiff with a victim statement.

34. To Plaintiff's knowledge, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities never investigated Jane Roe for false reporting pursuant to the Lake Erie College Student Handbook (Revised September 2017) (hereinafter Student Handbook). See Exhibit 1 attached hereto and incorporated by reference.

35. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities did not give Plaintiff access to information that would be used in the hearing or any reports or copies of statements, pursuant to the student handbook.

36. On December 5, 2018, the Judicial Conduct Board convened to investigate what occurred the night of November 10, 2018. The Judicial Conduct Board consisted of Defendants Giles Davis, Faria Huq, and Nichole Kathol. Defendant Kimberly Robare was also present.

37. Plaintiff was promised a consistent, fair and positive environment in the conduct process pursuant to the Student Handbook.

38. Jane Roe was not present at the judicial board hearing.

39. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare,

7

Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities did not provide Plaintiff with a victim statement, witness statements, or any other evidence regarding what Jane Roe alleged had occurred at the hearing.

40. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities did not provide Plaintiff with their rationale at the student conduct hearing.

41. Only upon retaining counsel, a notary subpoena was sent to the Lake County Sheriff's office on July 18, 2019, long after Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities expelled Plaintiff, did Plaintiff learn something about what Jane Roe alleged occurred on November 10, 2018. In the police report, Jane Roe told the officer that at no point did she tell Plaintiff 'no' or 'to stop'.

42. Upon completing the criminal investigation, the police dismissed the case. No criminal charges were filed against Plaintiff.

43. To date, Plaintiff still has not seen evidence used by the school in their decision to expel him.

44. Plaintiff received a letter dated December 11, 2018 signed by Kimberly Robare and copied to Billie Dunn and Richard Kline indicating that the board found him responsible for disorderly conduct, alcoholic beverages, assault, sexual harassment, non-consensual sexual contact, and non-consensual sexual intercourse. This letter provided only conclusory statements as to the findings without any information for the basis of their findings. He was expelled without any provisions for him to complete his last three classes of his MBA program and he was under a no trespass order to not enter campus property. See Exhibit 2 attached hereto and incorporated by reference.

45. Plaintiff timely appealed by written letter to Vice President Billie Dunn dated December 21, 2018.

46. Defendant Vice President Billie Dunn rejected his appeal by letter dated January 11, 2019. The letter states that there were several items she reviewed, but again she provided only conclusory statements that his appeal was denied. See Exhibit 3 attached hereto and incorporated by reference.

8

47. Plaintiff made a final appeal to Defendant President Brian Posler.

48. In a letter dated February 8, 2019, Defendant President Brian Posler rejected Plaintiff's appeal without providing any further investigation into Plaintiff's witnesses or providing Plaintiff with an explanation of the evidence used against him. The letter again provided conclusory statements that all evidence was considered, and the Judicial Board used a preponderance of the evidence standard. The letter mentions incident reports, written official statements, investigatory notes and witness accounts, the findings of the judicial board, and official correspondence. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities did not provide any of this information to Plaintiff. See Exhibit 4 attached hereto and incorporated by reference.

49. As a "he said/she said" case, Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol had an obligation to provide Plaintiff the opportunity to refute the evidence and to evaluate the credibility of both parties.

50. Pursuant to the Student Handbook, Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol had a duty to investigate false reporting. See Exhibit 1 attached hereto and incorporated by reference.

51. Pursuant to the Student Handbook, Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol were under a duty to conduct the disciplinary process in a consistent, fair, and positive manner. See Exhibit 1 attached hereto and incorporated by reference.

52. The "me too movement" had recently occurred, thereby setting a cultural tone of bias against males accused of sexual misconduct.

53. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities conducted an investigation, judicial board hearing, and appeals process that was so excessively lopsided that it discriminated against Plaintiff as a male.

9

54. Despite Plaintiff's statements that Jane Roe's allegations were untrue, Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol failed to investigate false reporting pursuant to the handbook, further demonstrating bias against Plaintiff as a male in the disciplinary process.

55. Plaintiff attempted to continue his MBA program at other schools and learned that none of his coursework will transfer to another school. He would have to start from the beginning, losing all the time and money he invested at Lake Erie College.

56. Plaintiff needed only three more classes to graduate with his MBA from Lake Erie College.

57. Plaintiff attempted to reach an agreement where he would attend a separate branch or complete his classes online, but Defendants denied all of his attempts.

58. Jane Roe destroyed Plaintiff's reputation with his peers with her false allegations and her unwillingness to put a stop to the ongoing false allegations.

59. Plaintiff's income earning potential with a completed MBA degree and a clean disciplinary record would be significantly higher than it would be without these false allegations.

60. If Plaintiff were admitted to another school, he would have to surmount their admissions process for his disciplinary record, and pay full tuition beginning from the start of the program, losing all credit for his MBA coursework at Lake Erie College.

## CLAIMS AGAINST DEFENDANT LAKE ERIE COLLEGE AND DEFENDANTS BRIAN POSLER, BILLIE DUNN, KIMBERLY ROBARE, GILES DAVIS, FARIA HUQ, AND NICHOLE KATHOL IN THEIR INDIVIDUAL CAPACITIES

## COUNT I
## VIOLATION OF TITLE IX 20 U.S.C. §1681, ERRONEOUS OUTCOME

61. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through sixty (60) above.

62. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory as there is a strong factual basis that Jane Roe consented to all sexual contact between Plaintiff and Jane Roe.

63. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory by not providing Plaintiff with the opportunity to know what the basis was for the allegations against him.

64. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory by not providing Plaintiff with the opportunity to cross examine Jane Roe or otherwise provide a means for an assessment of credibility.

65. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory by not questioning any of the witnesses he provided, including one who was present while the alleged incident occurred. Defendants only questioned witnesses provided by Jane Roe, none of whom were in the apartment when the alleged incident occurred.

66. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory by not investigating Jane Roe for false reporting pursuant to their own handbook nor investigating whether her statements were true.

67. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory when Defendants were swayed by cultural shifts resulting from the "me too movement" and under the Title IX directives.

68. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities violated 20 U.S.C §1681 under the erroneous outcome theory by conducting an excessively lopsided disciplinary process.

11

69. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities exhibited a bias against males in a disciplinary process so lopsided that it cannot be a defense to say that the majority of those accused of sexual misconduct are male or that said disciplinary process was merely a bias against victims.

## COUNT II
## BREACH OF CONTRACT

### A. FAILURE TO PROVIDE CONSISTENT, FAIR AND POSITIVE ENVIRONMENT IN THE LAKE ERIE COLLEGE DISCIPLINARY PROCESS

70. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through sixty-nine (69) above.

71. Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities were bound by the Student Handbook on page 12 where Defendants must perform a conduct process for disciplinary actions that is "consistent, fair and positive"

72. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide any more than conclusory statements about his responsibility for the alleged incidents and never providing any more information than the charges against him.

73. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by only talking to witnesses provided by Jane Roe and failing to talk to any witnesses provided by Plaintiff, including one witness who was present while the alleged incident occurred. None of the witnesses provided by Jane Roe were present when the alleged incident occurred.

12

74. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to question whether Jane Roe's statements were true or investigating her for false reporting.

75. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by excessively sanctioning Plaintiff and expelling him from the school with three classes remaining in his MBA program.

## B.  FAILURE TO INVESTIGATE JANE ROE'S FALSE ALLEGATIONS

76. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through seventy-five (75) above.

77. Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities were bound by the Student Handbook on page 8 where "No person shall make an allegation that one knows to be untrue or knowingly provide false information during the course of an investigation. Making a false complaint or giving false information is a violation of the Lake Erie College Code of Conduct and may be a basis for conduct sanctioning, including expulsion or termination. Evidence of false complaints or false information shall be referred by the Title IX Coordinator to the appropriate office for investigation."

78. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to investigate Jane Roe for making a false complaint or giving false information.

13

## C.  FAILURE TO CONDUCT A FAIR AND CONSISTENT INVESTIGATION AND JUDICIAL BOARD HEARING

79. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through seventy-eight (78) above.

80. Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities were bound by procedures for their investigation and Judicial Board Hearing on pages 11 through 13 of the Student Handbook.

81. In a "he said/she said" case, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide statements made by Jane Roe or other witnesses.

82. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to allow Plaintiff an opportunity to refute the evidence against him.

83. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to talk to any witnesses provided by Plaintiff during the investigation.

84. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide a balanced and thorough investigation and Judicial Board Hearing.

85. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to investigate whether Jane Roe gave a false report.

86. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide Plaintiff with a fair and consistent investigation.

14

87. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide Plaintiff with a fair and consistent Judicial Board Hearing.

## D.  FAILURE TO CONDUCT A FAIR AND CONSISTENT APPEALS PROCESS

88. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through eighty-seven (87) above.

89. Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities were bound by procedures for the appeals process on pages 13 and 14 of the Student Handbook.

90. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to disclose any information used against Plaintiff in the appeals process and giving him only conclusory statements that Defendants reviewed the evidence and found him responsible.

91. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to allow Plaintiff an opportunity to refute the evidence against him.

92. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to consider evidence from witnesses named by Plaintiff or evidence that questioned whether Jane Roe gave a false report.

93. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide a balanced and thorough appeals process.

15

94. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the contract by failing to provide Plaintiff with a fair and consistent appeals process.

## COUNT III

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

95. Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through ninety-four (94) above.

96. Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities are bound by the Implied Covenant of Good Faith and Fair Dealing contained in every contract.

97. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing by not conducting a balanced and thorough investigation.

98. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing by failing to provide Plaintiff with an unbiased disciplinary process.

99. Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing by failing to question Plaintiff's witnesses.

100.     Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing by failing to provide Plaintiff access to the evidence used against him.

16

101.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing by failing to provide Plaintiff the opportunity to refute the evidence used against him.

102.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the Implied Covenant of Good Faith and Fair Dealing as a reasonable person would assume if he or she were accused of a serious violation of the Student Handbook, he or she would be given a description of what the allegations were, his or her witnesses would be considered, and he or she would have the opportunity to refute the evidence against him or her.

## COUNT IV
## BREACH OF QUASI-CONTRACT

103.    Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and two (102) above.

104.    Under common law, a quasi-contract exists between Plaintiff and Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities.

105.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the quasi-contract by not taking measures to ensure that Plaintiff was treated in a fair and consistent manner pursuant to the Student Handbook and common law principles of fairness.

17

## COUNT V
## BREACH OF IMPLIED CONTRACT

106.    Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and five (105) above.

107.    Under common law, an Implied Contract exists between Plaintiff and Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities.

108.    Under the implied contract, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities are bound by promises a reasonable person would consider when he or she enrolls in a private college and becomes subject to its disciplinary process.

109.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the implied contract by failing to take measures to ensure that Plaintiff had the opportunity to review and refute the evidence used against him.

110.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the implied contract by failing to take measures to ensure that relevant witnesses were questioned, and a thorough investigation was completed.

111.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the implied contract by failing to provide an unbiased disciplinary process.

## COUNT VI
## PROMISSORY ESTOPPEL

112.    Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and eleven (111) above.

18

113.     Under common law, Plaintiff justifiably relied upon promises made by Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities as to their intentions to conduct a fair and consistent investigation and Judicial Board Hearing, which would reasonably have included providing him with the evidence used against him, opportunity to refute the evidence, and questioning his witnesses, especially the only person present at the time of the alleged incident.

114.     Plaintiff relied to his substantial detriment upon those promises.

115.     Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached their promises and proximately caused Plaintiff's damages as described within this Complaint.

116.     Said damages were foreseeable and Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities caused these damages willfully entitling Plaintiff to recover punitive damages as well as actual damages.


# COUNT VII
## BREACH OF COMMON LAW DUTY TO ENSURE PLAINTIFF'S DISCIPLINARY PROCESS WAS CONDUCTED WITH BASIC FAIRNESS

117.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and sixteen (116) above.

118.     Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities owed Plaintiff fundamental rights similar to those rights found in the Due Process clause of the United States Constitution. While Lake Erie College is a private educational institution, a duty of basic fairness is owed in administrative or higher education disciplinary proceedings.

19

119.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the duty of basic fairness in disciplinary proceedings by not providing Plaintiff with any evidence used against him.

120.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the duty of basic fairness in disciplinary proceedings by not providing Plaintiff with any opportunity to cross-examine or otherwise question the credibility of the evidence used against him.

121.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached the duty of basic fairness in disciplinary proceedings by not talking with any of Plaintiff's witnesses, especially the only other witness who was present at the time of the alleged incident.

## COUNT VIII
## NEGLIGENCE

122.    Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and twenty-one (121) above.

123.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities owed a duty to Plaintiff to conduct a fair and unbiased disciplinary process.

124.    Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities breached their duty to Plaintiff when they failed to provide him with any evidence used against him, failed to provide him with the opportunity to refute any evidence used against him, failed to investigate the possibility of false reporting, failed to question any witnesses he named, and summarily expelled him with three classes remaining in his MBA.

20

125.     Plaintiff sustained losses as to his disciplinary record, reputation, and the ability to complete his MBA. He attempted to transfer his coursework to other graduate schools but was told that none of his coursework would transfer. If he were admitted to a new school, he would have to pay and complete all coursework again.

126.     Plaintiff's losses were the direct and proximate result of Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities failure to conduct a fair and unbiased disciplinary process.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

127.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred twenty-six (126) above.

128.     Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities acted negligently in inflicting emotional distress upon Plaintiff.

129.     Plaintiff has endured severe and debilitating emotional distress resulting from the actions of Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities.

130.     Such severe and debilitating emotional distress was foreseeable from an incorrect outcome to a disciplinary hearing where the accused is found responsible without a fair and consistent disciplinary process.

131.     Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities caused severe and debilitating emotional distress by not providing a fair and consistent disciplinary process.

## COUNT X

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred thirty-one (131) above.

133.     Under common law, Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities acted intentionally in inflicting emotional distress upon Plaintiff.

134.     Plaintiff has endured severe and debilitating emotional distress resulting from the actions of Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities.

135.     Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities acted intentionally in denying Plaintiff a fair and consistent disciplinary process. It is reasonably foreseeable that this denial of a fair and consistent disciplinary process could result in an incorrect result.

## <u>CLAIMS AGAINST DEFENDANT JANE ROE</u>

## COUNT I

## DEFAMATION

136.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred thirty-five (135) above.

137.     Under Ohio Revised Code §2739.01 and common law, Defendant Jane Roe made false statements about Plaintiff that she claimed to be true to Defendants Lake Erie College, Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities, and her witnesses.

22

138.     Defendant Jane Roe communicated her false statements directly to the above-named parties and her witnesses.

139.     Defendant Jane Roe had knowledge and/or was negligent in knowing that her false statement would have serious consequences for Plaintiff. Defendant Jane Roe continued to perpetuate the false statements throughout the disciplinary process.

140.     Plaintiff suffered financial and reputational damages as a result of Defendant Jane Roe's defamation against him.

## COUNT XII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

141.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and forty (140) above.

142.     Under common law, Defendant Jane Roe acted negligently in inflicting emotional distress by falsely reporting sexual misconduct and perpetuating the false allegations through the disciplinary process.

143.     Plaintiff suffered severe and debilitating emotional distress.

144.     Such severe and debilitating emotional distress was foreseeable to Defendant Jane Roe when she falsely reported allegations of nonconsensual sexual intercourse that she was aware would have serious consequences to Plaintiff's reputation and future.

145.     Defendant Jane Roe caused severe and debilitating emotional distress.

## COUNT XIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

146.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred and forty-five (145) above.

147.     Under common law, Defendant Jane Roe intentionally provided a false report to Lake Erie College and perpetuated the false allegations through the disciplinary process and with her witnesses.

148.     Through her actions, Defendant Jane Roe intentionally inflicted emotional distress upon Plaintiff.

149.     Defendant Jane Roe's actions caused Plaintiff to endure severe and debilitating emotional distress.

## COUNT XIX
## INTENTIONAL MISREPRESENTATION AND FRAUD

150.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred forty-nine (149) above.

151.     Defendant Jane Roe made a representation that there was nonconsensual sexual conduct to her by Plaintiff.

152.     Defendant Jane Roe's representation was false. Jane Roe pursued the sexual activity, participated in the sexual activity and outwardly expressed her desire to continue with the sexual activity. As soon as she expressed a desire to stop, all sexual activity ended immediately.

153.     Defendant Jane Roe intended for Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol to rely on her false representation.

154.     Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol did rely on her fraudulent misrepresentation in their investigation and disciplinary process.

155.     Plaintiff suffered harm to his reputation, future income-earning potential, and time and money on his graduate degree as a result of Defendant Jane Roe's fraudulent misrepresentation.

## COUNT XX
## ABUSE OF THE LEGAL PROCESS

156.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred fifty-five (155) above.

157.     Defendant Jane Roe filed a police report, initiated a police investigation and ordered a rape kit to be performed when all sexual activity was consensual.

158.     Defendant Jane Roe maliciously and deliberately initiated criminal charges against Plaintiff without justification.

159.     All criminal investigations were dismissed. Plaintiff was never criminally charged.

160.     Plaintiff suffered damages of severe emotional distress and reputation due to the police investigation. Plaintiff alleges that the existence of a concurrent police investigation swayed Defendants Lake Erie College, Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their findings, leading to further damages in future income earning potential, time and financial damages in graduate school and the loss of employment at Lake Erie College.


## COUNT XXI
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

161.     Plaintiff incorporates by reference as though fully rewritten paragraphs one (1) through one hundred sixty (160) above.

162.     Plaintiff and Defendant Lake Erie College were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff. Plaintiff was a graduate student in the MBA program at Lake Erie College and Lake Erie College would have conferred an MBA degree to him after completion of only three more classes, resulting in a much higher income earning ability than he otherwise could earn. Additionally, he was an employee of Defendant Lake Erie College.

163.    Defendant Jane Roe knew Plaintiff was a student at the school and an employee of the school. She was fully aware of the economic relationship between Plaintiff and Defendant Lake Erie College.

164.    Defendant Jane Roe falsely reported that Plaintiff engaged in nonconsensual sexual intercourse with her.

165.    By falsely reporting nonconsensual sexual intercourse, Defendant Jane Roe intended to disrupt the relationship between Plaintiff and Defendant Lake Erie College, or knew that the disruption of the relationship was certain or substantially certain to occur.

166.    Defendant Lake Erie College fired Plaintiff from his job. One month later, Lake Erie College expelled Plaintiff, severing the relationship between Defendant Lake Erie College and Plaintiff.

167.    Plaintiff was harmed by being terminated from his employment, expelled from the school and barred from completing his MBA degree and gaining his higher income earning potential.

168.    Defendant Jane Roe's false report was a substantial factor in causing Plaintiff's harm.

**JURY DEMAND**

169.    Plaintiff requests a trial by jury.

26

## RELIEF REQUESTED

170.     As for relief from the actions of Defendant Lake Erie College and Defendants Brian Posler, Billie Dunn, Kimberly Robare, Giles Davis, Faria Huq, and Nichole Kathol in their individual capacities, Plaintiff seeks declaratory relief that would expunge the disciplinary proceedings, a permanent injunction for Plaintiff to finish his Master's in Business Administration program, a permanent injunction directing Lake Erie College to comply with Title IX, and no less than $500,000.00 in compensatory and/or punitive damages, attorneys fees and court costs.

171.     As for relief from the actions of Defendant Jane Roe, Plaintiff seeks a permanent injunction to restore Plaintiff's reputation, compensatory and/or punitive damages, attorneys fees and court costs.

*/s/Rochelle M. Hellier*
Rochelle M. Hellier (#0088138)
***Axelrod Law Office***
Attorney for Plaintiff
7976 Tyler Blvd.
Mentor, OH 44060
Phone: (440) 944-7300
Fax:    (440) 944-7302
E-mail: rochelle@lakeohiolaw.com

27