UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 1:19-cv-02619-JRA |
| | ) | |
| Plaintiff, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKE ERIE COLLEGE, et al., | ) | |
| | ) | PLAINTIFF'S REPLY IN SUPPORT |
| Defendants. | ) | OF HIS MOTION FOR LEAVE TO FILE |
| | ) | AMENDED COMPLAINT |

Now comes the Plaintiff, John Doe, by and through the undersigned counsel, and hereby submits his reply to Defendants Brief in Opposition to his Motion for Leave to File an Amended Complaint. Plaintiff's claims are valid claims for relief. Defendants incorrectly minimize Plaintiff's claims by glossing over their errors and attempting to draw a veil over their conduct by the deference given to schools, especially private schools.

I. **Introduction**

Defendants incorrectly argue that Plaintiff's claims are not valid claims for relief. Defendants misconstrue his violation of Title IX claims, breach of contract claims and supplemental claims and use the brief in opposition to his motion for leave to plead filed on May 21, 2020 to repeat their contention that Plaintiff fails to state a valid claim for relief. Plaintiff seeks to clarify his claims based on recently discovered evidence.s Defendant Lake Erie College and the individually named defendants who were responsible for the actions and inactions that Defendant Lake Erie College took, made significant error amounting to gender bias in violation of Title IX, breach of contract, arbitrary and capricious decision-making and several supplemental claims.

1

Defendants received a false report of sexual misconduct and it triggered an investigation. Defendants never, throughout the entire proceedings, revealed to Plaintiff what Roe said occurred. Defendants did not share any witness statement or victim statement with Plaintiff. Defendants did not question any of Plaintiff's named witnesses. Defendants held an investigation where they investigated only Roe's side. Defendants met with Plaintiff and told him he was being charged with sexual misconduct, but he never heard anything about what she alleged in order to explain how he did not engage in sexual misconduct, so he merely defended himself by saying that he did not do so. The requirements for 'notice' include the right to know what a person is accused of having done, not simply the name of offense. He could not defend himself when he did not know what he was defending himself against.

Defendants did not hold a hearing where two sides are balanced against each other and a finder of fact attempts to determine what actually occurred. Defendants held a meeting where the Judicial Board questioned Plaintiff and Plaintiff denied wrongdoing. Roe was not there. None of her witnesses were there. Plaintiff was not told what she said about him or what he needed to defend against at that meeting. Plaintiff was not given any information about what Roe said occurred at the so-called "hearing." Defendants so-called appeal failed to explain any basis that Defendants used to reach their decision. Defendants' excessive one-sidedness in the decision-making within the backdrop of the #MeToo movement states a valid claim of violation of Title IX, breach of contract, and his supplemental claims against Defendant Lake Erie College and the individually-named defendants.

Defendants mention for the first time in their pleadings filed on May 21, 2020 that Roe was too intoxicated to offer consent. Reply in Support of Motion for Judgment on the Pleadings filed May 21, 2020, p. 1. Defendants never revealed this accusation to Plaintiff in order for him to defend against it. While Plaintiff vehemently disputes Roe's statement to the police of the events, at no point does she indicate her memory was blurry or she had any trouble with recollection to lead to the conclusion that she was too intoxicated to consent. He also has substantial evidence of her pursuing him for sex in direct conflict with her allegation that he "manipulated her into having sex." Complaint ¶¶18 -21. Defendants lean on Plaintiff consuming alcohol and engaging in sexual activity in his dorm room with another student. However, Plaintiff was found responsible for engaging in non-consensual sexual activity, a much more

2

significant offense that carries much more severe consequences than engaging in sexual activity or consuming alcohol.

Defendants were on alert that Roe's original report could have been a false report by Plaintiff's direct testimony that Roe's report was false, as well as by her comment in the police report that she never said no or told Plaintiff to stop. Plaintiff did not see that police report until much later. To compound matters, Plaintiff discovered that Roe made inconsistent statements about what occurred that night when he reviewed her oral interview with the police with her written statements to the police. Plaintiff still does not know what statements were made to Lake Erie College. Defendants conduct surpassed that of mere procedural errors.

Defendants repeatedly argue that there is no valid claim against the individual defendants. However, it is too early in the case to know whether any or all should be held individually liable for his or her actions. This is a question of agency law and to what degree the individual defendants actions fall under the scope of their employment as agents of Lake Erie College.

Plaintiff seeks to amend his complaint, not for the purpose of salvaging the original complaint but to clarify his original complaint. Plaintiff requests leave to amend his complaint in order to clarify all of the specific provisions in the handbook that Defendants violated and to explain the severity of his emotional distress.

## II. Law and Discussion

Plaintiff seeks to amend his complaint not to persuade the Court that these additions are necessary to survive Defendants dispositive motion, but that these additions were omissions Plaintiff caught upon review of the body of case law and the factual information available to him. Plaintiff seeks to amend his complaint for the purpose of a more effective decision on the merits. Fed. R. Civ. 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course… if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b)…" Fed. R. Civ. 15(a)(2) further provides that "the court should freely give leave when justice so requires." Plaintiff's claims are valid and enforceable and must be heard on the merits.

Defendants argue that Plaintiff's complaint is so lacking that that it does not warrant the ability to be amended. Defendants argument is a continuation of Defendants position that (1)

3

they were not obligated to provide Plaintiff with any information used against him because he did not ask for it, (2) they were not obligated to question the male witnesses or explain the basis for their findings because they are a private school and were not required to follow their handbook exactly, (3) they did not have to investigate false reporting even though Plaintiff said it was untrue and Roe said she never said no because Roe's description of the sexual activity was non-consensual, and (4) despite Plaintiff's consideration as a student and graduate assistant, Defendants had some authority to cause financial damages, damages to Plaintiff's future career opportunities and severe damage to his reputation without providing him even a bare minimum of a fair process.

Plaintiff elaborated as to why his claims were valid in his Response to Defendants Motion for Judgment on the Pleadings filed on May 12, 2020. His claims are firmly rooted in existing case law for violation of Title IX, breach of contract and his supplement claims. He included journal articles and scholarly viewpoints to bolster his arguments, not because those were the only arguments available to him. Defendants minimize the body of case law for both public and private universities where courts in this jurisdiction and sister circuits ruled in favor of the accused student and against the universities, particularly those cases that rely on the testimony of the parties as the only evidence available. Statements or patterns of decision-making demonstrating gender bias are not the only means to show gender bias. Here, it was Defendants excessively one-sided conduct and lack of conduct, much more than mere belief, that demonstrated gender bias plus the cultural shifts at play from the #MeToo movement. Under Fed. R. Civ. 15(a), this Court should grant his motion for leave to amend his complaint.

### 1. Plaintiff seeks to amend his complaint to add more specific provisions from the student handbook that Defendants failed to follow.

Courts dealing with university sexual misconduct cases in private schools have dealt with the issue of breach of contract in various ways. Here, the facts are so extremely one-sided that arguably under any method of contract interpretation Plaintiff should prevail as elaborated on in his Response filed on May 12, 2020. Plaintiff has a valid claim that Defendants conduct was arbitrary and capricious in how one-sided its conduct towards Plaintiff was. Also, there was arguably a fiduciary responsibility and a due process responsibility embedded in Lake Erie College's relationship with Plaintiff. However, some case law interprets the university/student

contract narrowly and is deferential to the academic institution. "The court is to defer to the decisions of the school unless it can find 'such a substantial departure from accepted norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Doe v. Case Western R. Univ.*, No. 19-3520 (6th Cir. 2020).

In nearly all of the breach of contract cases where the courts ruled in favor of the school, there was extraneous evidence besides the testimony of only the parties and the accused male student had at least some opportunity to respond to the accusations made by the reporting female. Plaintiff states a valid claim for breach of contract under the arbitrary and capricious standard. However, because of the high burden on the accused male that courts have applied to private school contracts in sexual misconduct cases, Plaintiff seeks to amend his complaint to outline each specific provision in the student handbook that Defendants violated. Also, because of this high standard, Plaintiff seeks that his supplemental claims survive Defendants dispositive motion in order to protect his ability to recover against Defendants. The specific provisions in the contract are the failure of Defendants to investigate Roe for false reporting, failure to articulate the rationale for the hearing, failure to provide the parties with information used in the hearing, and failure to apply a preponderance of the evidence standard.

Defendants position for why they did not breach the contract with Plaintiff is that Defendants told him he was accused of non-consensual sexual activity and that was enough to satisfy articulating the rationale for the hearing. However, he never learned what Roe said occurred that night or the basis for the accusation. He provided the school with names of witnesses who could attest that Roe pursued him for casual sex including one male friend who was in the room next door. Since the sexual activity was consensual, he assumed the case would be dismissed after his witnesses were questioned. His witnesses were not questioned and he still was not told what she reported. He did not elaborate on the sexually explicit details when told he was being accused of non-consensual sex because he never heard what she said. In the absence of her statement, all he could say was that it was not true and that it was consensual. Never telling Plaintiff what Roe reported cannot constitute a proper hearing under the terms of its handbook. Lastly, in order to apply a preponderance of the evidence standard, there must be evidence to be weighed. Here, Lake Erie College only obtained evidence from Roe.

Defendants violations of their own student handbook were much more than procedural errors. While general statements regarding fairness and applying a fair and consistent process

may be interpreted as general recitals and not enforceable under breach of contract theory, Defendants violated material substantive provisions in the student handbook. These specific enforceable provisions are the failure to investigate Roe for false reporting, failure to articulate the rationale for the hearing, failure to provide the parties with information used in the hearing, and failure to apply a preponderance of the evidence standard. Under Fed. R. Civ. 15(a)(2), justice requires that Plaintiff amends his complaint to specifically detail these provisions and respectfully requests this Court grant him leave to file his amended complaint.

### 2. Plaintiff seeks to amend his complaint to add the degree of emotional distress he suffered as a result of the actions of Defendants and Defendant Jane Roe.

Plaintiff does not argue that Defendants initiation of an investigation caused significant emotional distress. Rather, Plaintiff's claim against Defendants for intentional infliction of emotional distress is based on the method of the investigation, the resulting "hearing" and "appeal" and Defendants finding that he was responsible for non-consensual sexual activity with Plaintiff having no knowledge of what the basis was for that finding. Under Ohio common law, "the emotional distress alleged must be serious." *Yeager v. Local Union 20, Teamsters*, 6 Ohio St.3d 369, 453 N.E.2d 666 (Ohio 1983). Here, Plaintiff suffered sleep deprivation, weight loss and some suicidal ideation. Plaintiff's original complaint did not include these details.

The tort of intentional infliction of emotional distress (IIED) must meet the elements of "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Id.* Plaintiff's IIED claim against the Lake Erie College Defendants is that the conduct of the disciplinary proceedings was extreme and outrageous and not merely the fact that Roe's report was investigated. Defendants made no attempt to find the truth as to whether Plaintiff as a male student raped another student. Defendants took Roe's word only, without even knowing what Plaintiff's version was, and found Plaintiff responsible. It is extreme and outrageous to have consensual sex and then be found responsible for rape based on a false report without ever being told why, without having one's witnesses questioned, or without having the opportunity to defend yourself against that report.

Plaintiff's breach of contract claim against the Lake Erie College Defendants is his predominant claim and the IIED claim is supplemental. However, Plaintiff also seeks to amend his complaint for the purpose of the IIED claim against Defendant Jane Roe. His IIED claim

against Roe is one of his main claims against her for false reporting and the resulting damages he suffered. In the interests of justice, under Fed. R. Civ. 15(a)(2), justice requires his complaint be amended so he is able to include the degree of his emotional distress with sleep deprivation, weight loss and suicidal ideation.

3. **Plaintiff's claims against the individual employees of Defendant Lake Erie College who orchestrated and participated in the disciplinary proceedings are valid claims under the law of agency and should not be dismissed until the case is heard on its merits.**

The individual Lake Erie College employees who acted as investigator, served on the board and signed of on the appeals, must remain as named parties. Plaintiff must have the ability to conduct discovery regarding the individual defendants in Plaintiff's disciplinary proceeding, their degree of outward bias, and the specific decisions each made. Also, the validity of Plaintiff's claims against each individual defendant is a question of whether the individual defendants were acting within the scope of their employment. "[U]nder agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact." *NASCAR Holdings, Inc. v. Testa,* 152 Ohio St. 3d 405, 97 N.E.3d 414 (Ohio 2017). It is too early to make a decision as to whether their roles as agents absolve them from liability for their conduct that caused Plaintiff financial damages, damages to his future earning abilities, reputational damage and emotional distress.

**Conclusion**

Plaintiff's claims are valid and he seeks to amend his complaint in order to clarify his arguments regarding breach of contract and intentional infliction of emotional distress. There are specific provisions violated in the student handbook that were not mentioned in Plaintiff's original complaint and these provisions are central to one of his main claims against the Lake Erie College defendants. Also, he did not describe the degree of his emotional distress in his original complaint and the intentional infliction of emotional distress claim is one of his main claims against Defendant Jane Roe. Under Fed. R. Civ. 15(a), this is his first request to amend his complaint and it was filed simultaneously with his responsive pleading to a dispositive motion. Since the specific provisions are central to

two of his main claims, "the court should freely give leave when justice so requires." Fed. R. Civ. 15(a). As the amended complaint merely adds facts to his existing claims and the case is still at its preliminary stages, amending the complaint does not unreasonably prejudice Defendants.

/s/ *Rochelle M. Hellier*
Rochelle M. Hellier (#0088138)
***Axelrod Law Office***
Attorney for Plaintiff John Doe
7976 Tyler Blvd.
Mentor, OH 44060
Ph:(440) 944-7300
Fax:(440) 944-7302
E-mail: rochelle@lakeohiolaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed via this Court's electronic filing system this 28th day of May, 2020. Service has been made to the parties via this Court's filing system.

/s/ *Rochelle M. Hellier*
Rochelle M. Hellier (#0088138)
***Axelrod Law Office***
Attorney for Plaintiff John Doe